UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| David Kim, Seunghoon Han, Jinsung Lee, Sungsoo Lee, and James Choi on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br>v.<br><br>Y.S. Happy Corp, Young Chung Chun, Phil Sook Cho, and Yang Hwan Cho,<br><br>        Defendants, | Index No. 22-cv-1368<br><br><br><br>**COMPLAINT**<br><br>**COLLECTIVE ACTION** |

  Plaintiffs, David Kim, Seunghoon Han, Jinsung Lee, Sungsoo Lee, and James Choi (collectively, "plaintiffs"), on behalf of themselves and all others similarly situated, by their attorney, Ryan Kim, complaining of defendants Y.S. Happy Corp d/b/a Happy Karaoke ("Happy Karaoke"), Young Chun Chun, Phil Sook Cho, and Yang Hwan Cho (collectively, "defendants"), allege:

## NATURE OF ACTION

  1. This action is brought to recover unpaid minimum wage, overtime wages, and other damages pursuant to the Fair Labor Standards Act, 29 U.S.C § 201, et seq. ("FLSA"), and New York Labor Law ("NYLL"), N. Y. Lab. Law § 650 et seq.

  2. Plaintiffs seek injunctive and declaratory relief against defendants' unlawful actions, unpaid overtime wage, liquidated damages, compensatory damages, interest, and attorneys' fees and costs pursuant to the FLSA, the NYLL.

  3. Defendants own and operate Happy Karaoke at 160-30 Northern Blvd. Flushing NY.

1

4. Defendants failed to compensate Plaintiffs and all others similarly situated at the statutorily overtime wage as required by law.

## JURISDICTION

5. This Court has subject matter jurisdiction over this case pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337 and has supplemental jurisdiction over Plaintiffs' claims under the NYLL pursuant to 28 U.S.C. § 1367.

## VENUE

6. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391, as Y.S. Happy Corp d/b/a Happy Karaoke is incorporated and located in the Eastern District of New York.

### Plaintiffs

7. David Kim, Seunghoon Han, Jinsung Lee, Sungsoo Lee and James Choi reside in Queens County, New York.

8. David Kim was employed as a server by Defendants from October 2014 through March 2020.

9. Seunghoon Han was employed as a server by Defendants from June 2015 through January 2020.

10. Sungsoo Lee was employed as a server by Defendants from December 2014 through February 2018.

11. James Choi was employed as a server by Defendants from August 2018 through December 2021.

12. Jinsung Lee was employed as a server by Defendants from April 2019 through December 2021.

13. Plaintiffs engaged in commerce or the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

## Y.S. Happy Corp

14. Defendant Y.S. Happy Corp is a New York Corporation that owns and operates Happy Karaoke in Flushing New York.

15. Y.S. Happy Corp is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

16. Y.S. Happy Corp has employees engaged in commerce or the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

17. Y.S. Happy Corp has an annual gross volume of sales in excess of $500,000.

## Young Chung Chun, Phil Sook Cho and Yang Hwan Cho

18. Defendants Young Chung Chun, Phil Sook Cho, and Yang Hwan Cho ("Defendants") are the presidents and the owners of Happy Karaoke.

19. Phil Sook Cho is listed as the principal on the Y.S. Happy Corp liquor license from the New York State Liquor Authority.

20. Young Chung Chun, Phil Sook Cho, and Yang Hwan Cho are sued individually in their capacity as owners, officers, and/ or agents of Happy Karaoke.

21. Young Chung Chun, Phil Sook Cho, and Yang Hwan Cho exercise sufficient control over the company's operations to be considered Plaintiffs' employers under the FLSA, New York Labor Law.

22. At all-time material herein, Young Chung Chun, Phil Sook Cho, and Yang Hwan Cho had the authority to hire and fire employees and established and exercised authority regarding the pay practices at Happy Karaoke.

23. Young Chung Chun, Phil Sook Cho, and Yang Hwan Cho make all final decisions about employment practices at Happy Karaoke.

24. The defendant Young Chung Chun, Phil Sook Cho, and Yang Hwan Cho managed, supervised, established, and administered the terms and conditions of the Plaintiffs' employment through Happy Karaoke.

## COLLECTIVE ACTION ALLEGATIONS

25. The claims in this Complaint arising out of the FLSA are brought by the Plaintiffs on behalf of themselves and all similarly situated non-exempt employees (i.e. servers, bartenders, hosts, busboys and kitchen workers, and cashier) who work or have worked at Happy Karaoke within three years of the date of the filing of this action and who elect to opt-in to this action (the "FLSA Collective").

26. The FLSA Collective consists of approximately forty similarly situated current and former non-exempt employees of Happy Karaoke who have been victims of defendants' common policy and practices that have violated their rights under the FLSA by, inter alia, willfully denying them overtime pay and other monies.

27. The FLSA Collective consists of employees who, during their employment at Happy Karaoke, worked as non-exempt employees.

28. As part of their regular business practices, defendants have intentionally, willfully, repeatedly, and in bad faith harmed Plaintiffs and the FLSA Collective by engaging in a

pattern, practice, and/or policy of violating the FLSA, New York Labor Law. This policy and pattern or practice include, inter alia:

a. failing to pay employees the statutory minimum wage for all hours worked;

b. failing to pay employees the proper overtime pay for all hours worked over forty;

c. failing to pay non-exempt employees one hour's pay at the minimum hourly wage rate for each day during which employees worked more than ten hours;

d. failing to keep accurate records of hours worked by employees as required by the FLSA and the New York Labor Law.

29. The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to defendants, are readily identifiable by Defendants, and are locatable through defendants' records. These similarly situated employees should be notified of and allowed to opt in to this action, pursuant to 29 U.S.C. § 216(b).

## PLAINTIFFS' FACTUAL ALLEGATIONS

30. Plaintiffs worked as servers throughout their time employed by defendants.

31. Working as servers, Plaintiffs fell into the category of "non-exempt" employees pursuant to the FLSA and NYLL.

32. Plaintiffs' employment periods and working schedules vary.

33. Plaintiffs regularly worked 9~12 hours a day and more than 50 hours per week during their employment period.

34. Defendants applied for an invalid "tip credit" to pay Plaintiffs at a reduced minimum wage rate.

35. Defendants repeatedly suffered and/or permitted Plaintiffs and the FLSA Collective to work over 40 hours per week without paying them the premium overtime rates required by the FLSA and/or NYLL.

36. Defendants required Plaintiffs and the FLSA Collective to perform a substantial amount of non-tipped "side work" in excess of twenty percent (20%) of their time at work, including but not limited to cleaning the kitchen, cleaning vent hoods, cleaning walls and signs, polishing glassware, polishing silverware and other fixtures, sweeping and other condiments. Defendants also required Plaintiffs to do their personal work such as some paper works, calling for the utility bills, etc.   During these periods, Defendants compensated Plaintiffs and the FLSA Collective at the tipped minimum wage rate rather than the full hourly minimum wage rate required by 29 U.S.C. § 201, et seq. and the NYLL.

37. At all relevant times, Defendants failed to post and/or keep posted in a conspicuous place on their premises a notice explaining the FLSA, as prescribed by the Wage and Hour Division of the U.S. Department of Labor, in violation of the FLSA, 29 U.S.C. § 203(m) and supporting federal regulations, including but not limited to 29 C.F.R. § 516.4.

38. During their employment period, Plaintiffs were paid $6.00 per hour regardless of the hours they worked.

39. From January 2016 until March 2020, David Kim was paid $8.00 per hour.

40. Throughout their employment, Plaintiffs were paid for their hours of work at the rate of $6.00 and $8.00 for David Kim per hour, rather than the statutory minimum wage rate.

41. Defendants did not pay Plaintiffs and the FLSA Collective, the lawful minimum wages for all of the hours they worked each workweek.

42. Defendants did not inform Plaintiffs and the FLSA Collective, of the tipped minimum wage or tip credit provisions of the FLSA, 29 U.S.C. 203(m).

43. As a result, the defendants were not entitled to reduce Plaintiffs' minimum wage rate by applying the tip credit allowance that is available under the FLSA and NYLL.

44. Defendants also failed to compensate Plaintiffs at one and one-half times the statutory minimum wage rate for the hours she worked in excess of forty (40) per workweek.

45. Defendants failed to pay Plaintiffs spread-of-hours pay when the length of their workday exceeded ten hours.

46. Defendants failed to furnish Plaintiffs' wage statements with their hours worked and rates of pay at their every payday.

47. Defendants also failed to furnish Plaintiffs with a wage notice at the time of hiring and whenever their wage rates changed.

## FIRST CLAIM
### (Fair Labor Standards Ad - Unpaid Minimum Wage)

48. Plaintiffs repeat and reallege all foregoing paragraphs as if fully set forth herein.

49. Defendants are employers within the meaning of 29 U.S.C. §§ 203(e) and 206(a), and employed Plaintiffs and the FLSA Collective.

50. Plaintiffs and the FLSA Collective are employees within the meaning of 29 US.C. §§ 203(e) and 206(a).

51. Defendants were required to pay to Plaintiffs and the FLSA Collective the applicable federal minimum wage rate.

52. Defendants were not eligible to avail themselves of the federal tipped minimum wage rate under the FLSA because inter alia:

> e. Defendants were required to but failed to inform Plaintiffs and the FLSA Collective of the provisions of subsection 203(m) of the FLSA, 29 U.S.C. § 203(m); and

  f. made unlawful deductions from the non-exempt employees' pay, in violation of the FLSA, 29 U.S.C. § 203(m) and supporting regulations.

53. Defendants failed to pay Plaintiffs and the FLSA Collective the minimum wages to which they are entitled under the FLSA.

54. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs and the FLSA Collective.

55. As a result of defendants' willful violations of the FLSA Plaintiffs and the FLSA Collective suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, pre-judgment interest, post-judgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM
### (New York Labor Law - Unpaid Minimum Wage)

56. Plaintiffs repeat and reallege all foregoing paragraphs as if fully set forth herein.

57. Defendants are employers within the meaning of the NYLL §§ 190,651(5), 652, and supporting New York State Department of Labor Regulations, and employed Plaintiffs.

58. Defendants failed to pay Plaintiffs the minimum wages to which she is entitled under the NYLL.

59. Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay the Plaintiffs minimum hourly wages.

60. As a result of the defendants' willful violations of the NYLL, Plaintiffs are entitled to recover their unpaid wages, reasonable attorneys' fees and costs of the action, liquidated damages, and pre-judgment and post-judgment interest.

## THIRD CLAIM
### (Fair Labor Standards Act - Unpaid Overtime)

61. Plaintiffs repeat and reallege all foregoing paragraphs as if fully set forth herein.

62. Defendants are required to pay Plaintiffs and the FLSA Collective one and one-half (1 ½ ) times the regular rate at which Plaintiffs was employed for all hours worked in excess of forty hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207, et seq.

63. Defendants have failed to pay Plaintiffs and the FLSA Collective the overtime wages to which they are entitled under the FLSA.

64. Defendants have willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiffs and FLSA Collective overtime wages.

65. Due to defendants' violations of the FLSA, Plaintiffs and the FLSA Collective are entitled to recover their unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## FOURTH CLAIM
### (New York Labor Law- Unpaid Overtime)

66. Plaintiffs repeat and reallege all foregoing paragraphs as if fully set forth herein.

67. Under the NYLL and supporting New York State Department of Labor Regulations, defendants were required to pay Plaintiffs one and one half (1 ½ ) times the regular rate of pay for all hours she worked in excess of forty.

68. Defendants have failed to pay Plaintiffs the overtime wages to which they were entitled under the NYLL. 132. Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiffs overtime wages.

69. Due to the defendants' willful violations of the NYLL, Plaintiffs are entitled to recover their unpaid overtime wages, reasonable attorneys' fees and costs of the action, liquidated damages, and pre-judgment and post-judgment interest.

## FIFTH CLAIM
### (New York Labor Law - Spread-of-Hours Pay)

70. Plaintiffs repeat and reallege all foregoing paragraphs as if set forth herein.

71. Plaintiffs were food service workers for Defendants and were paid less than NYLL minimum wage during their employment period.

72. Defendants willfully failed to pay Plaintiffs the additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which Plaintiffs worked more than ten hours.

73. By defendants' failure to pay Plaintiffs the spread-of hours pay, defendants willfully violated the NYLL Article 19, §§ 650, et seq., and the supporting New York State Department of Labor Regulations, including, but not limited to, 12 N.Y.C.R.R. §§ 137-1.7, 3.10, and 146-1.6.

74. Due to defendants' willful violations of the NYLL, Plaintiffs are entitled to recover an amount prescribed by statute, reasonable attorneys' fees and costs of the action, pre-and post-judgment interest, and liquidated damages.

## SIXTH CLAIM
### (New York Labor Law - Wage Theft Prevention Act)

75. Plaintiffs repeat and reallege all foregoing paragraphs as if fully set forth herein.

76. Defendants failed to furnish to Plaintiffs at the time of hiring, whenever there was a change to an employee's rate of pay, and on or before February 1st of each year of employment through 2021, a wage notice containing the rate or rates of pay and basis

thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular payday designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of the NYLL § 195(1).

77. Defendants failed to furnish Plaintiffs with each payment of wages an accurate statement listing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of the NYLL § 195(3).

78. Due to Defendants' violation of NYLL § 195(1), Plaintiffs are entitled to recover from the defendants liquidated damages of $50.00 per day that the violation occurred, up to a maximum of $5,000, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the NYLL § 198(l-b).

79. Due to Defendants' violation of the NYLL, § 195(3), Plaintiffs are entitled to recover from defendants liquidated damages of $250.00 per workweek that the violation occurred, up to a maximum of $5,000, reasonable attorney's fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-b).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves and the FLSA Collective, respectfully requests that this Court enter a judgment:

a) declaring that defendants have violated the minimum wage provisions of the FLSA and the NYLL;

b) declaring that defendants have violated the overtime wage provisions of the FLSA and the NYLL;

c) declaring that defendants have violated the spread-of-hours provisions of the NYLL;

d) declaring that defendants have violated the unlawful deductions provisions of the NYLL;

e) declaring that defendants' violations of the FLSA and NYLL were willful;

f) awarding Plaintiffs and the FLSA Collective damages for unpaid minimum wages;

g) awarding Plaintiffs and the FLSA Collective damages for unpaid overtime wages;

h) awarding Plaintiffs and the FLSA Collective damages for unpaid spread-of-hours pay;

i) awarding Plaintiffs and the FLSA Collective, liquidated damages as a result of defendants' failure to furnish accurate wage statements and annual notices pursuant to the NYLL;

j) awarding Plaintiffs and the FLSA Collective, liquidated damages in an amount equal to the total amount of the wages found to be due, pursuant to the FLSA;

k) awarding Plaintiffs and the FLSA Collective, the liquidated damages in an amount equal to the total amount of the wages found to be due, pursuant to the NYLL;

l) awarding Plaintiffs and the FLSA Collective, pre-judgment and post-judgment interest under the FLSA and the NYLL;

m) awarding Plaintiffs and the FLSA Collective, the reasonable attorneys' fees and costs pursuant the FLSA and the NYLL; and

n) awarding such other and further relief as the Court deems just and proper.

## JURY TRIAL

A jury trial is demanded on all Counts.

Dated: March 11, 2022

    /s/ Ryan Kim
Ryan J. Kim

Ryan J. Kim, Esq.
Ryan Kim Law, P.C.
222 Bruce Reynolds Blvd. Suite 490
Fort Lee, NJ 07024
ryan@RyanKimLaw.com

**NOTICE OF INTENTION TO ENFORCE SHAREHOLDER LIABILITY FOR SERVICES RENDERED**

TO: Young Chung Chun, Phil Sook Cho and Yang Hwan Cho

      PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York and Section 609 of the Limited Liability Company Law of New York, you are hereby notified that Plaintiffs David Kim, Seung Hoon Han, Jin Sung Lee, Sung Soo Lee, and James Cho intend to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders and/or members of:

      Y.S. Happy Corp, *d/b/a* Happy Karaoke

for all debts, wages, and/or salaries due and owing to them as laborers, servants, and/or employees of the said corporations for services performed by them for the said corporations within the six (6) years preceding the date of this notice and have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

Dated: March 11, 2022
      Fort Lee, NJ

                                      Ryan Kim Law, P.C.
                                      *Attorneys for Plaintiffs*

                                      */s/ Ryan Kim*
                                      Ryan Kim
                                      222 Bruce Reynolds Blvd. Suite 490
                                      Fort Lee NJ 07024
                                      Tel: (718) 573-1111
                                      Email: ryan@ryankimlaw.com

## DEMAND BY EMPLOYEES TO INSPECT SHARE RECORDS AND MINUTES PURSUANT TO SECTION 624 OF THE NEW YORK STATE BUSINESS CORPORATION LAW

TO:

Y.S. Happy Corp, *d/b/a* Happy Karaoke

_____

**PLEASE TAKE NOTICE**, that Plaintiffs DAVID KIM, SEUNG HOON HAN, JIN SUNG LEE, SUNG SOO LEE, and JAMES CHO as an employee of the above corporations who intend to demand, pursuant to the provisions of Section 630 of the Business Corporation Law of New York, and Section 609 of the Limited Liability Company Law of New York, payment of debts, wages and/or salaries due and owing to them as laborers, servants and/or employees of the above corporations for services performed by them for the above corporations within the six (6) years preceding the date of this notice from the ten largest shareholders of the above corporations, and who have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

**PLAINTIFFS HEREBY DEMANDS** the right to examine, in person or by agent or attorney, during usual business hours, the minutes of the proceedings of the shareholders and records of shareholders of the above corporations and to make extracts therefrom on or after five (5) days from receipt of this notice.

Dated: March 11, 2022
      Fort Lee, NJ

                            Ryan Kim Law, P.C.
                            *Attorneys for Plaintiffs*

                            */s/ Ryan Kim*
                            Ryan Kim
                            222 Bruce Reynolds Blvd. Suite 490
                            Fort Lee NJ 07024
                            Tel: (718) 573-1111
                            Email: ryan@ryankimlaw.com

## **DOCUMENT PRESERVATION DEMAND**

Plaintiff(s) hereby demands that defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to Plaintiffs, the events described herein, any third party associated with any telephone call, campaign, account, sale, or file associated with Plaintiffs, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody, or control of any such materials, Plaintiffs demand that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

*/s/ Ryan Kim*
Ryan Kim
222 Bruce Reynolds Blvd. Suite 490
Fort Lee NJ 07024
Tel: (718) 573-1111
Email: ryan@ryankimlaw.com

**NOTICE OF LIEN AND ASSIGNMENT**

Please be advised that we claim a lien upon any recovery herein" for ONE THIRD (1/3) or such amount as a court award. All rights relating to attorney's fees have been assigned to counsel.

*/s/ Ryan Kim*
Ryan Kim
222 Bruce Reynolds Blvd. Suite 490
Fort Lee NJ 07024
Tel: (718) 573-1111
Email: ryan@ryankimlaw.com



Under the FLSA and NYLL, taking **adverse actions** (firing and demoting, stalking and harassing) against **Plaintiff(s)** in retaliation for having brought this Complaint is **ILLEGAL** and **PUNISHABLE BY LAW**.

# Consult your attorney

# Settlement under the table is <u>prohibited</u> by the law.



> Once a wage-and-hour case is filed in the Federal District Court, any settlement must be reviewed by the Court and approved as fair and reasonable by the Judge under *Cheeks v. Pancake House, Inc.*

# <u>Consult your attorney.</u>